# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# WACO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| v. | §   CRIMINAL   NO.   6:23-CR-72-ADA |
| | § |
| **ABDIEL DOMINGUEZ** | § |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.   PROCEDURAL BACKGROUND

The defendant was convicted of Count 1: Illegal Re-Entry into the United States, in violation of Title 8 U.S.C. § 1326(a) and (b)(1). The Court sentenced the defendant to time served, and three years of non-reporting supervised release. On November 15, 2023, the defendant was released to supervision. On January 30, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant

1

violated the terms of his supervision and seeking a show-cause hearing as to why the defendant's supervision should not be revoked. The amended petition alleges the defendant violated the terms of his supervision in the following instances:

**Violation Number 1**: Mandatory Condition Number 1, the defendant shall not commit another federal, state, or local crime during the term of supervision.

**Violation Number 2:** Standard Condition Number 17, if the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

At the hearing, the defendant pleaded true to violations 1 and 2. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violations.

## II.   FINDINGS OF THE COURT

1. The defendant violated the conditions of his supervision as alleged in the petition.

2. The defendant was competent to make the decision to enter a plea to the allegations.

3. The defendant had both a factual and rational understanding of the proceedings against him.

4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7.  The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.  The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.  The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The defendant understood his statutory and constitutional rights and desired to waive them.

## III.   RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be revoked and that he be remanded to the custody of the U.S. Marshal for eight (8) months, with no term of supervised release to follow.

## IV.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 11th day of February 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE